## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22657-KMM

COURTNEY MCLEOD,

      Plaintiff,

v.

CHEF CREOLE INC.
and WILKINSON SEJOUR,

      Defendants.

_____/

## **ORDER ON SECOND AMENDED MOTION FOR DEFAULT JUDGMENT**

THIS CAUSE came before the Court upon Plaintiff Courtney McLeod's ("Plaintiff") Second Amended Motion for Entry of Final Judgment ("Mot.") (ECF No. 28). Defendants Chef Creole Inc. and Wilkinson Sejour did not file a response and the time to do so has passed. The Motion is now ripe for review. For the following reasons, the Court GRANTS IN PART Plaintiff's Motion.

## I.      BACKGROUND

On August 22, 2022, Plaintiff filed a Complaint asserting claims for: (1) violations of the minimum wages provisions of the FLSA; (2) violation of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.; (3) breach of contract; and (4) unjust enrichment. ("Compl.") (ECF No. 1). Defendants have failed to obtain counsel and failed to file a responsive pleading to the Complaint. Mot. at 1. On June 30, 2023, a Clerk's Entry of Default was entered against Defendant Chef Creole Inc. (ECF No. 28). Now, Plaintiff moves for default judgment against Defendant Chef Creole Inc.

## II.        LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015).  Prior to dismissing an action *sua sponte*, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond.  *Id.* at 1247–48.

"The mere entry of a default by the Clerk of the Court does not in itself warrant the entry of a default judgment by the Court."  *Garrido v. Linden Contracting Servs.*, Case No. 0:14-cv-60469-KMM, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014).  "Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered."  *Id.* (citation omitted).  "A party in default has admitted all well-pleaded allegations of fact."  *Id.*

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citations omitted).  Damages may be awarded without an evidentiary hearing "only if the record adequately reflects the basis for award via . . . a demonstration by detailed affidavits establishing the necessary facts."  *Adolph Coors Co. v. Movement against Racism & Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations and internal quotation marks omitted).  In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'"  *Holtz v. Bagel Mkt., Inc.*, Case No. 12-62040-CIV-ROSENBAUM, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph*, 777 F.2d at 1543–44).

### III.    DISCUSSION

Plaintiff allege Defendant Chef Creole Inc. is liable for:  (1) violations of the minimum wages provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.; (2) violation of the overtime provisions of the FLSA; (3) breach of contract; and (4) unjust enrichment.  *See generally* Compl.  The Court addresses each claim in turn.

### A.    <u>Liability</u>

#### i.  *FLSA Violations*

In interpreting the FLSA, the Code of Federal Regulations (CFR) states that, "The Fair Labor Standards Act provides minimum standards that may be exceeded but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act."  29 C.F.R. § 541.4.  Further, an employer is required to pay certain employees overtime wage for all hours worked in excess of forty hours.  29 U.S.C. §§ 206, 207.  A claim for payment of minimum or overtime wages requires a showing that (1) the plaintiff was employed by the defendant during the time period involved, (2) the plaintiff was engaged in commerce or the production of goods for commerce, and (3) the defendant failed to pay its wages as required by law.  *Garrido*, 2014 WL 12603170, at *1 (citation omitted).

In the Complaint, Plaintiff alleges that he was employed as a server by Defendant Chef Creole Inc. from March 2019 through February 4, 2020, and again from December 28, 2021, through January 26, 2022, and that Defendants were engaged in interstate commerce and the production of goods for commerce.  Compl. ¶¶ 18–19.  Plaintiff alleges that while employed by Defendant during this time period, he was paid a rate of $10.00 per hour, plus tips.  *Id.* ¶ 22.  However, Plaintiff was not paid at all for two of the four weeks between December 28, 2021, and

January 26, 2022. *Id*. ¶ 28. Plaintiff further alleges that he worked for 42–44 hours or more a week for Defendant. *Id*. ¶ 32. Defendant allegedly failed and refused to pay him overtime wages for all of the hours he worked beyond 40 hours in a given week. *Id*. ¶¶ 33–34.

Accordingly, Plaintiff asserts that the Defendant did not properly compensate Plaintiff for minimum wage or overtime hours. *Id*. ¶¶ 31, 36. By defaulting, Defendants admit these allegations. *See Garrido*, 2014 WL 12603170, at *1. These admissions sufficiently establish Defendants' liability for wages owed to Plaintiff under the FLSA.

### ii. Breach of Contract

Plaintiff alleges that he and Defendant Chef Creole Inc. agreed that Plaintiff would be paid at a rate of $10.00 per hour in exchange for working for Chef Creole Inc. Compl. ¶ 38. On January 10, 2022, Defendant Chef Creole Inc. also agreed to pay Plaintiff $20.00 for each five-star Google review that customers attributed to Plaintiff's service. *Id*. ¶ 41. Plaintiff was not paid for at least twenty-six such five-star Google reviews. *Id*. ¶¶ 42.

To prove a breach of contract claim, a party must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). A valid contract requires "(1) offer, (2) acceptance, (3) consideration, and (4) sufficient specification of the essential terms." *Id.* (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)). "A material breach occurs only when an injured party has sustained a substantial injury due to the breach." *Phawa, LLC v. Marjaba Import & Export Corp.*, Case No. 21-22208-CV-ALTMAN, 2021 WL 4150842, at * 2 (S.D. Fla. Aug. 26, 2021). A plaintiff may recover damages that are a proximate result of the material breach. *Chipman v. Chonin*, 597 So.2d 363, 364 (Fla. 3d DCA 1992).

By defaulting, Defendants admit that (1) it agreed to pay Plaintiff $10.00 per hour in exchange for working at Chef Creole Inc. as well as $20.00 for each five-star Google review, and that Plaintiff agreed to these terms; (2) Plaintiff performed the work alleged in the Complaint and that Defendant failed to compensate him for such work; and (3) Plaintiff incurred damages resulting from not being paid for his work.  Accordingly, Defendant is liable under Plaintiff's breach of contract theory.

### iii.  Unjust Enrichment

Plaintiff states that he made the claim for unjust enrichment "in the alternative to" the breach of contract claim.  Mot. at 8.  Because the Court enters judgment in Plaintiff's favor on his breach of contract claim, the Court denies default judgment as to the claim for unjust enrichment. *See Burstein v. First Penn-Pacific Life Ins. Co.*, 2002 WL 34186960, at *8 (S.D. Fla. Feb. 11, 2002) ("[A] plaintiff cannot recover under both a claim for unjust enrichment and a claim for breach of contract . . . .").

### B.  <u>Damages</u>

In addition to entering default judgment on liability, a court must determine the amount of damages to be awarded.  *See Holtz*, 2013 WL 12141515, at *2.  The burden is on the plaintiff to prove the amount of damages owed.  *Varela v. Innovative Wiring Sols., LLC*, Case No. 6:07–cv–165–Orl–28KRS, 2009 WL 1795044, at *4 (M.D. Fla. June 22, 2009).  "Affidavits based on personal knowledge can be sufficient evidence to establish damages."  *Holtz*, 2013 WL 12141515, at *2 (citation omitted).  Indeed, "[i]n the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own."  *Id.*; *see also Varela*, 2009 WL 1795044, at *4 (citation and internal quotation marks omitted) ("If the employer does not come forward with evidence of the

precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the court may award approximate damages based on the employee's evidence.").

Here, Plaintiff has provided an Amended Declaration in support of the Motion. ("Am. Decl.") (ECF No. 28-2); *see also* ("Timesheets of Plaintiff's Hours") (ECF No. 28-3). First, Plaintiff states that he was employed by Defendant from October 2019 through February 4, 2020 and December 28, 2021 through January 26, 2022. Am. Decl. ¶ 9. He further states that he worked approximately 100 weeks from March 2019 to February 2020 and earned $8.75 an hour during that time. *Id.* ¶ 11. He worked an average of 3 hours overtime every week between 2019 and 2020. *Id.* ¶ 11. He was not paid overtime, which should have been $13.13 per hour, from March 2019 to February 2020. *Id.* ¶ 10. When he worked between December 28, 2021 and January 26, 2022, Defendant agreed to pay Plaintiff $10.00 per hour but did not pay him for two weeks during that time period. *Id.* ¶¶ 17–19. In total, Plaintiff asserts he was underpaid the sum of $9,933.25, exclusive of attorney's fees and costs, calculated as follows:

    a.  $890.00 in unpaid/underpaid wages;[1]

    b.  $3,939.00 in overtime wages from March 2019 to February 2020;

    c.  $520.00 in wages for five-star Google reviews;

    d.  $4,584.25 in liquidated damages.[2] *Id.* ¶ 26.

---

[1] Plaintiff explains that he is owed $890.00 in unpaid/underpaid wages for his breach of contract claim because Defendant agreed to pay him at the rate of $10.00 per hour (80 hours x $10.00 = $800.00, 6 hours OT x $15.00 = $90.00, $800.00 + $90.00 = $890.00).

[2] Plaintiff explains that he is owed $4,584.25 in liquidated damages for his FLSA claims because he is owed $3,939.00 in overtime wages (3 hours OT x 100 weeks x $13.13 = $3,939.00) and he is owed $645.25 for the 86 hours of work he was not paid for between December 28, 2021, and January 26, 2022 (80 hours x $7.25 = $580.00, 6 hours OT x $10.88 = $65.25, $580.00 + $65.25 = $645.25).

Based on Plaintiff's Declaration, the Court is satisfied that Plaintiff established his actual damages for unpaid minimum wages, overtime wages, and wages for Google reviews in the amount of $5,349.00.  Based on the facts as alleged in the Declaration, Plaintiff is entitled to his claimed lost wages.  With respect to liquidated damages, "[a]n employer bears the burden of demonstrating that liquidated damages are not warranted[.]"  *Brown v. Everest Moving & Storage, Inc.*, 2013 WL 12126001, at *3 (S.D. Fla. Aug. 20, 2013) (citing 29 U.S.C. § 260).  In this case, because Defendants failed to appear or show that liquidated damages are not warranted, the Court finds that Plaintiff is entitled to $4,584.25 in liquidated damages.

### C.   **Attorney's Fees**

Plaintiff's counsel also seeks attorney's fees and costs under the FLSA.  *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action....");  *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 847 (11th Cir. 2019) ("Prevailing FLSA plaintiffs are 'automatically entitled to attorneys' fees and costs.'" (quoting *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007))).  However, Plaintiff's counsel has not provided any information as to how much work was completed or how much he charges.  Accordingly, Plaintiff's counsel shall submit an affidavit within fourteen days of the issuance of this Order itemizing attorney's fees and costs associated with this case.

**IV.   CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Second Amended Motion for Entry of Final Judgment (ECF No. 28) is GRANTED as to Counts One, Two, and Three, and DENIED as to Count Four.  Plaintiff's counsel is to submit a detailed affidavit regarding attorney's fees and costs within fourteen (14) days of the issuance of this Order. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *12th* day of December, 2023.

*K. M. Moore*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      All counsel of record