UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22657-MOORE/LOUIS

COURTNEY MCLEOD,

    Plaintiff,

vs.

CHEF CREOLE INC.,

    Defendant.
_____/

## **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, Courtney Mcleod, through undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, and other applicable Rules and laws, requests that the Court enter an Order determining that is entitled to recover reasonable attorneys' fees, costs, and expenses of litigation from Defendant, Chef Creole Inc., based on the following good cause:

### *Factual and Procedural History*

1.    Plaintiff sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by failing to pay him minimum wages at Counts I or overtime wages at Count II and then for claims under Florida law for not paying him the remainder of his hourly wage (between the FLSA minimum wage and before the overtime wage) or for the Google reviews he obtained. [ECF No. 1.]

2.    The Clerk of Courts entered a Clerk's Default against Chef Creole, Inc., on October 28, 2022. [ECF No. 11.]

3. The Court recently entered its Order on Second Amended Motion for Default Final Judgment, awarding Plaintiff $5,359.00 in damages and an additional $4,584.25 in liquidated damages. [ECF No. 35.]

4. The Court requested that Plaintiff's counsel submit an Affidavit regarding the time and expenses incurred in this case, given that Plaintiff is the prevailing party and entitled to recover his attorney's fees and costs for his claims brought pursuant to the FLSA under 29 U.S.C. §216(b) and for his breach of contract claim brought pursuant Florida law for unpaid wages under Fla. Stat. §448.08.

5. Plaintiff's counsel's time and expense records in this case, which reflect the time and costs reasonably expended in the prosecution of this action, are attached as Exhibit "A" to this Motion.

6. Plaintiff's counsel kept the records attached as Exhibit "A" contemporaneously, and the attached is a true and accurate copy of the records digitally made and kept in the ordinary course of business by Plaintiff's counsel.

WHEREFORE Plaintiff, Courtney Mcleod, requests the Court to enter a Final Judgment for attorneys' fees and costs to be recovered from Defendant, Chef Creole Inc., pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08.

**MEMORANDUM OF LAW**

As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994):

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

These elements will be addressed in order.

1. *Plaintiff's counsel expended a reasonable number of hours.*

Counsel for a prevailing Plaintiff should be paid consistent with attorneys who are compensated by a fee-paying client for all time he/she reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that, "hours reasonably expended" meant "billable hours", such as "…work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 738 (11th Cir. 1988). Counsel's sworn testimony is evidence which is to be given "considerable weight" of the time required and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, Plaintiff's counsel exercised billing discretion.

2. *Plaintiff's hourly rate(s) for this type of litigation is reasonable.*

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based upon prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of

comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court also should analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

       1.    *<u>Plaintiff's counsel expended a reasonable number of hours.</u>*

Counsel for a prevailing plaintiff should be paid consistently with attorneys compensated by a fee-paying client for all time reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours," such as "…work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 738 (11th Cir. 1988). Counsel's sworn testimony is evidence to be given "considerable weight" of the time required, and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with the Court, opposing counsel, or Ms. Valdivieso, even though these interactions involved time that could have been billed. Plaintiff's counsel was careful to not bill for two people sitting in a strategy meeting and did not unnecessarily duplicate efforts in achieving the results obtained.

       2.    *<u>Plaintiff's hourly rate(s) for this type of litigation is reasonable.</u>*

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced either through direct

evidence of charges by lawyers under similar circumstances or by opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court should also analyze the organization's skills, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

Plaintiff entered into a contingency arrangement with her counsel for this case. This contingent arrangement provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered by the firm. The contingent fee agreement provides that all time spent by Mr. Pollock and the other attorneys in his firm should be compensated at a rate of $550.00/hour. The justification for the hourly rates for each timekeeper is explained in more detail in the following paragraphs.

*<u>Plaintiff's Lead Counsel - Brian H. Pollock, Esquire</u>*

Brian H. Pollock, Esq. has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999. He was admitted to practice and has also practiced in the Northern and Middle Districts of Florida, the Eleventh Circuit Court of Appeals, and the United States Supreme Court. Mr. Pollock has continually practiced civil litigation in the Florida state and federal courts since 1999, and he has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and the State of Georgia.

Mr. Pollock has represented numerous people and businesses in the Florida state, federal, and appellate courts in individual cases and in class/collective actions, and he continues to do so. Mr. Pollock was appointed as lead counsel to represent collective actions in *Peña vs. Handy Wash*,

*Inc.*, S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No.: 15-CV-20642-KING, and in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No.: 17-CV-81169-REINHART, and *Collado vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:22-CV-20374. Mr. Pollock was also appointed as class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fished Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09) and for over 60 employees seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.*, Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32). From October 2005 to October 31, 2011, Mr. Pollock served on The Florida Bar Unlicensed Practice of Law Committee 11A and was chairperson from May 2011 to October 31, 2011. From 2022 to 2023, Mr. Pollock was the President of the Employment Law Section of the Miami-Dade County Bar Association.

Besides representing claimants in the Southern District of Florida, Mr. Pollock regularly represents employers and other defendants in Florida state and federal courts. Mr. Pollock's customary rate ***actually paid*** by defense clients is $500.00 per hour and is drawn against a retainer. (During the pendency of this case, hourly clients have paid $500 per hour for Mr. Pollock, $400 per hour for Ms. Alvey, $375 per hour for Mr. Cummings, $165 per hour for Ms. Sanguino, and $150 per hour for Ms. Obando.)

Mr. Pollock has tried numerous federal cases, including three federal jury trial this year in the Southern District of Florida. In each of the trials conducted this year, Mr. Pollock and his firm achieved a verdict for the Plaintiff. The efficient results in this case confirm that Mr. Pollock is a skilled federal trial attorney who effectively obtained a final judgment for his client on the significant claims advanced by the parties in this litigation.

Plaintiff seeks an hourly rate of $500 per hour for time Mr. Pollock spent litigating this case. Plaintiff also seeks a rate of $400 per hour for Ms. Alvey's time spent in furtherance of this case, $350 per hour for Mr. Cummings's time on this case, $175 per hour for Mr. Castillo's time, $165 per hour for Ms. Sanguino's time, and $150 per hour for Ms. Obando's time and for Ms. Brizuela's time.

This Court approved Mr. Pollock's $450/hour rate several years ago in *Phiffer vs. Greenstar Landscaping Co.*, S.D. Fla. Case No.: 1:21-CV-22391-COOKE, Report and Recommendation at ECF No. 33 at 5: "The Court finds that Mr. Pollack is a very skilled attorney, specifically in FLSA cases, and finds that Mr. Pollack is entitled to an award of $450.00 per hour." (O'Sullivan, M.J.); *Velez v. D Nakama Faction Crop.*, 1:21-CV-21287-REID (S.D. Fla. Apr. 1, 2022); *Sabache Maldonado v. Green Explosion, Inc.*, 1:21-CV-21024-REID (S.D. Fla. Mar. 1, 2022); and in *Garay v. Firm Lending, LLC*, 1:21-CV-21449-GAYLES, 2021 WL 3560777 (S.D. Fla. Aug. 3, 2021).[1] Magistrate Judge Jonathan Goodman issued an Order Approving FLSA Settlement and Closing Case approving Mr. Pollock's rate of $450/hour in *Maceda Gonzalez v. Radiation Shield Technologies, Inc.*, 1:20-CV-23262-GOODMAN on March 25, 2021 at ECF No. 33. This Court approved Mr. Pollock's hourly rate at $450 in *Telleria v. Espinosa*, No. 22-CV-21130, 2023 WL 2768059, at *5 (S.D. Fla. Apr. 4, 2023) (Bloom, J.) (adopting magistrate judge's recommendation that Mr. Pollock be awarded fees at a reduced hourly rate of $450.00) and in *Sevares v. American Pipeline Construction, LLC*, No. 22-CV-21233. However, this Court previously approved Mr. Pollock's rate at $500/hour in *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES on September 4, 2018, at ECF No. 17.

---

[1] The Court also determined that $350/hour was appropriate for Mr. Cummings in *Garay*, *Telleria*, and *Sevares*.

Further, this Court previously recognized that Mr. Pollock's rate could be anywhere from $400/hour to $450/hour in this Court back in August of 2017:

> [T]he requested $395 hourly rate for Mr. Pollock, who has over 17 years of experience, is not excessive, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding $450 was a reasonable hourly rate for attorneys who had over 10 and 25 years of experience, respectively, in the practice of labor and employment law); *Eason v. Bridgewater & Associates, Inc.*, 108 F. Supp. 3d 1358, 1366 (N.D. Ga. 2015) (proposed hourly rate of $400 per hour for partner was reasonable for purposes of awarding attorney's fees to FLSA prevailing plaintiffs).

*Araujo v. C.R.C. Car Rental Inc.*, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (Altonaga, J.).

September 2023 marked Mr. Pollock's 24th year of practicing law. Mr. Pollock's requested rate of $500/hour recognizes the efficiencies created by an attorney with his experience and the efficiency with which he can accomplish or designate tasks involved in cases involving breach of contract claims.

*Plaintiff's Associate Attorney – Lunar Clair Alvey, Esquire*

Ms. Alvey is an accomplished 19-year attorney with a diverse background in litigation, government, appeals, and insurance defense. She became a member of The Florida Bar in 2004 after obtaining her law degree from Nova Southeastern University, Shepard Broad College of Law in 2003. Besides her admission to The Florida Bar, Ms. Alvey is admitted to the District Court for the Southern and Middle Districts of Florida and the United States Court of Appeals for the Eleventh Circuit. Ms. Alvey obtained her Bachelor of Science degree from FIU in 1997. Throughout her ensuing career, Ms. Alvey gained extensive experience in various legal areas and have contributed to the field through over 125 published opinions. Ms. Alvey previously served as an Assistant Attorney General, where she represented government entities in legal matters, providing invaluable counsel and representation. She worked as a Special Assistant U.S. Attorney (SAUSA), working alongside federal prosecutors on complex cases. Ms. Alvey also served as a

police legal advisor, working closely with law enforcement agencies to ensure compliance with legal requirements and procedures. Ms. Alvey has not yet had a federal court determine her hourly rate, but defense/hourly clients pay for her time as a 19-year attorney at $400 per hour.

*Plaintiff's (Former) Associate– Toussaint Cummings, Esquire*

Toussaint Cummings, Esq. has been a member in good standing of the Florida Bar since 2015, he obtained his license to practice in the Southern District of Florida in 2019, and then obtained his license to practice in the Middle District of Florida in 2021. Before attending law school, Mr. Cummings earned a B.F.A in Fine Arts with honors from Pratt Institute in Brooklyn, NYC, and he also earned a Master's Degree in Education from Mercy College while teaching elementary school full-time.

Mr. Cummings attended Benjamin N. Cardozo Law School in New York City, where he interned for the Neighborhood Defender Service of Harlem and the Legal Aid Society. He started his legal career at the Miami-Dade Public Defender's office, where he worked tirelessly for five years representing indigent clients. During that time, Mr. Cummings first-chaired approximately 15 criminal trials (misdemeanor and felony), second-chaired approximately five criminal trials (felony), conducted over 300 depositions, and drafted and argued dozens of dispositive evidentiary motions. Needless to say, all of this hard work was compensated solely through a salary set by the state of Florida, and not computed on an hourly basis.

Mr. Cummings transitioned to from practicing criminal litigation in 2015 to practicing civil litigation in 2019, primarily defending an internationally known Fortune 500 company. Since then, Mr. Cummings went on to represent plaintiffs in first-party insurance claims, where he developed skills necessary to transition into the employment law field. Mr. Cummings currently concentrates his practice on employment law, mainly representing employees in employment disputes. As such,

the appropriate rate for Mr. Cummings's level of experience is $350.00 per hour. Mr. Cummings departed from FairLaw Firm to work as a trial attorney for the EEOC in Miami, Florida.

*Paralegal / Paraprofessional Rates*

*Steffany Sanguino*

Ms. Sanguino holds a Paralegal Certificate from Ashworth College. She earned an Associate's Degree from Miami-Dade College in Business and a Bachelor of Applied Science, Supervision, and Management from Miami Dade College with a concentration in Human Resource Management. Ms. Sanguino is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Obando's rate *actually charged and paid* by hourly clients of the firm is $165 per hour.

*Bridget Obando*

Ms. Obando is a paralegal who holds a Certificate in Paralegal Studies from Florida International University since graduating from the program in 2021. She has an Associate of Arts degree from Miami-Dade College and a Bachelor's Degree from FIU. Ms. Obando is bilingual in (English and Spanish) and primarily worked on employment litigation matters while at the firm. Ms. Obando's rate *actually charged to and paid* by hourly clients of the firm was $150 per hour. Ms. Obando ceased working for the firm in July 2023.

*Sharkira Brizuela*

Ms. Brizuela is a law student at Florida International University in the class of 2024. Ms. Brizuela obtained her Batchelor's Degree in Political Science and Government from the Honors College at FIU and was awarded the FUI Law Path Scholar. She worked in the legal field in various capacities since 2016. Ms. Brizuela worked as a law clerk for the undersigned law firm, during which time the rate *actually charged to and paid* by hourly clients of the firm was $150 per hour.

*The Request*

In light of the foregoing, the requested rates for the firm's timekeepers are demonstrably reasonable.

3. *Lodestar Adjustment*

Plaintiff does not request that the Court adjust the lodestar in this case, but to award counsel a reasonable attorneys' fee at the rate requested. Plaintiff's counsel expended on this case necessarily precluded the performance of work on other cases – including defense cases on which FairLaw Firm would be paid at a higher hourly rate, drawn against a retainer to secure payment. Since this case presents a realistic risk of little or no recovery and resulted in the preclusion of other work by Mr. Pollock and his office, the requested hourly rate should <u>not</u> be adjusted from $500/hour for Mr. Pollock, $400/hour for Ms. Alvey, $350/hour for Mr. Cummings, or to deviate from the paraprofessional rates requested. The Court is not constrained to award attorneys' fees in proportion to the amount that Plaintiff recovered, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (citing *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir.1997)); *c.f. City of Riverside v. Rivera*, 477 U.S. 561, 574, (1986). "The FLSA relies on individuals to bring claims as private attorneys general with the promise that should they prevail they will be awarded their reasonable attorney's fees in addition to damages." *Nesbitt v. FCNH, Inc.*, 74 F. Supp. 3d 1366, 1374 (D. Colo. 2014), *aff'd*, 811 F.3d 371 (10th Cir. 2016).

4. *Total fee award.*

By this Motion, and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award of $10,014.50, including costs, as follows:

a. Fees of FairLaw Firm: $10,014.50

<u>Attorneys</u>

| | | |
|---|---|---|
| (Brian H. Pollock, Esq. | $500/hour x 3.6 hours = | $1,800.00) |
| (Lunar C. Alvey, Esq. | $400/hour x 1.8 hours = | $ 720.00) |
| (Toussaint Cummings, Esq. | $350/hour x 17.6 hours = | $ 6,267.50) |
| Paralegals | | $ xx,xxx.xx |
| (Adrian Castillo | $175/hour x 0.3 hours = | $ 52.50) |
| (Bridget Obando | $150/hour x 1.9 hours = | $285.00) |
| (Steffany Sanguino | $165/hour x 0.3 hours = | $ 49.50) |
| Law Clerk | | $840.00 |
| (Shakira Brizuela | $150/hour x 5.6 hours = | $840.00) |
| b.    Costs of Litigation: | | $ 857.50 |

(Exhibit "A").[2]  In light of the foregoing, Plaintiff's counsel's fees are more than reasonable.

## **CONCLUSION**

For the foregoing reasons, Plaintiff, Courtney Mcleod, respectfully requests the Court to award him the attorneys' fees and costs he incurred litigating this case and obtaining a final judgment against Defendant, Chef Creole Inc., as requested above.

---

[2] Please note that Exhibit A includes the time it took to draft this motion.

**<u>VERIFICATION</u>**

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 19th day of December 2023,

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
