**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-22657-KMM

COURTNEY MCLEOD

      Plaintiff,

v.

CHEF CREOLE INC. and
WILKINSON SEJOUR,

      Defendants.

_____ /

## <u>REPORT AND RECOMMENDATIONS</u>

**THIS CAUSE** is before the Court upon Courtney McLeod's Motion for Bill of Costs (ECF No. 38), pursuant to 29 U.S.C. § 201, *et seq.*, 28 U.S.C. § 1920, and Southern District of Florida Local Rule 7.3(c). No response has been filed and the time to do so has passed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 39). Having considered the Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 38) be **GRANTED, in part**, and **DENIED, in part**.

## I.      BACKGROUND

This is a civil action brought, in part, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Plaintiff Courtney McLeod commenced this action on August 22, 2022, against Defendants Chef Creole Inc. ("Chef Creole") and Wilkinson Sejour ("Sejour").  (ECF No. 1).  Plaintiff asserts claims for unpaid minimum wages and overtime wages under the FLSA in addition to breach of contract and unjust enrichment claims arising under Florida law.

After attempting service on Chef Creole on October 13, 2022, (ECF No. 7), the District Court ruled that service was improper and ordered Plaintiff to properly serve Chef Creole.  (ECF No. 21).  Plaintiff properly served Chef Creole on May 31, 2023.  (ECF No. 24).  Service has not been perfected on Sejour.  (ECF No. 7).

Chef Creole failed to appear and answer the Complaint.  Accordingly, Plaintiff moved for entry of default final judgment.  (ECF No. 28).  On December 12, 2023, the District Court granted that motion, in part, and entered default final judgment in favor of Plaintiff and against Chef Creole.  (ECF No. 35).  The District Court found that the well-pled factual allegations of the Complaint establish Chef Creole's liability to Plaintiff for wages owed under the FLSA and damages arising from Chef Creole's breach of contract.  The District Court further ordered Plaintiff to submit an affidavit "itemizing attorney's fees and costs associated with this case."  (ECF No. 35 at 7).  This Motion followed, seeking to tax $857.50 in costs.

## II.     LEGAL STANDARD

There is, generally, a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Where, as here, a prevailing party seeks costs under 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for

printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III.  DISCUSSION

Plaintiff seeks to recover from Defendant Chef Creole costs in the amount of $857.50, consisting of: (1) $402.00 in fees of the Clerk; (2) $445.00 in fees for service of summons and subpoena; (3) $6.60 in fees for printing; and (4) $3.90 in other costs. (ECF No. 38). In support of his request, Plaintiff has attached invoices evidencing most of the costs incurred in prosecuting the suit. (ECF Nos. 38-1, 38-2, 38-3).

As a preliminary matter, Plaintiff's entitlement to an award of taxable costs is not in dispute. The District Court awarded Plaintiff a default final judgment for money damages against Chef Creole and no response was filed to Plaintiff's Motion. Accordingly, this Court assesses whether Plaintiff may appropriately tax the costs sought in Plaintiff's Motion.

3

### A.     Fees of the Clerk

Plaintiff first seeks to tax $402.00 in fees paid to the Clerk of Court; specifically, the $402.00 filing fee paid in connection with initiating this case in this Court. (ECF No. 38). The receipt for the filing fee is evidenced on the docket. *See* Docket Text for ECF No. 1. Because Plaintiff is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020), the undersigned recommends that Plaintiff's request for filing fees in the amount of $402.00 be granted.

### B.     Fees for Service of Summonses

Next, Plaintiff seeks to recover $445.00—the sum of three invoices for service attempts by a private process server. (ECF Nos. 38-1, 38-2, 38-3).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

"Neither rush fees nor costs for attempting to serve the same individual at different addresses are generally recoverable." *Samana, Inc. v. Lucena*, No. 17-24677-CIV, 2019 WL 11623927, at *5 (S.D. Fla. Sept. 16, 2019), *report and recommendation adopted*, No. 17-24677-

CIV, 2019 WL 11623925 (S.D. Fla. Dec. 16, 2019).  However, rush fees may be recoverable under the exception that they were "necessarily incurred."  *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *3 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd,* 823 F. App'x 923 (11th Cir. 2020).  Likewise, where a party seeks cost for multiple service attempts, "[i]t is imperative that the party . . .  provide evidence justifying the need for multiple service attempts.*" Cadle v. Geico Gen. Ins.*, No. 6:13-CV-1591-ORL-31, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015); *see also Mid-Continent Cas. Co,* 2019 WL 8402872, at *4 (denying an award of costs for multiple service attempts where party did not justify necessity of additional attempts).

In support of his Motion, Plaintiff filed three invoices from Miami PSPI, LLC.[1]  The first invoice memorializes a total of $227.20 in charges related to service on Chef Creole in the care of Sejour, its registered agent as below:

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Miami-Dade County ROUTINE Service (Summons). | 4.00 | 45.00 | 180.00 |
| Broward County ROUTINE Service (Summons). | 1.00 | 45.00 | 45.00 |
| Print Fee. | 11.00 | 0.20 | 2.20 |
| TOTAL CHARGED: | | | $227.20 |

(ECF No. 38-1).  The materials provided by Plaintiff in support of this Motion do not explain what "quantity" represents, but the Court assumes four attempts at service were effectuated and billed.

The second invoice for $137.20 similarly memorializes three charges of attempted service on Sejour, twice in Miami-Dade County and once in Broward County, each at $45.00; and a Print Fee of $2.20 (with a quantity of eleven at $0.20 each).  (ECF No. 38-2).  The third and final invoice provides a balance of $87.20 for service on Chef Creole in the care of Sejour, its registered agent

---

[1] Plaintiff did not provide a supporting memorandum explaining the costs within the invoices or their necessity.

on May 27, 2023, and includes Miami-Dade County Rush Service of Summons at a quantity of one, priced at $85.00; and a Print Fee at a quantity of eleven, charged at $0.20 each, with a sum of $2.20. (ECF No. 38-3).

The first invoice, which provides a service date on Chef Creole of October 5, 2022, indicates four service attempts in Miami-Dade County, and one service attempt in Broward County. (ECF No. 38-1). However, on May 23, 2023, the District Court ruled that Chef Creole was improperly served and ordered Plaintiff to properly do so within ten days. (ECF No. 21). This event appears to have triggered Plaintiff to request rush service on Chef Creole in Miami-Dade County, represented in the third invoice billing for service effectuated on May 27, 2023. (ECF No. 38-3). Because multiple attempts to serve the same entity generally are not recoverable, *see Samana, Inc.,* 2019 WL 11623927, at *5, Plaintiff would normally only recover costs associated with one attempt to serve Chef Creole, with no rush fees. However, upon independent review of the docket, the Court finds that the rush fees associated with the May 27, 2023 service was justified and necessary to comply with the District Court's Order, (ECF No. 21). *See Mid-Continent Cas. Co*, 2019 WL 8402872, at *3. Therefore, the undersigned recommends that Plaintiff recover $85.00 for rush service on Chef Creole.

The second invoice, which states that non-service on Sejour occurred on November 14, 2022, likewise represents two service attempts in Miami-Dade County and one service attempt in Broward County. (ECF No. 38-2). Because multiple attempts to serve the same entity generally are not recoverable as noted above, the undersigned recommends that Plaintiff receive costs for one attempt on Sejour at a rate of $45.00. *See Samana, Inc.,* 2019 WL 11623927, at *5.

Accordingly, the undersigned recommends that Plaintiff recover $130.00 for fees associated with service on Defendants in this matter.

6

### C.      Printing Fees

Plaintiff also seeks $6.60 in printing fees—$2.20 for each service attempt discussed above.

The Court may tax as costs "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3).  However, Plaintiff has not met the burden of showing that printing related to the multiple service attempts was reasonable or necessary to the case.  *See Shave*, 2008 WL 3200705, at *4.  Thus, the undersigned recommends that Plaintiff be awarded $4.40 for printing fees associated with one service attempt on Chef Creole and one service attempt on Sejour.

### D.      Other Costs

Plaintiff's Motion for Bill of Costs seeks $3.90 for "[o]ther costs."  (ECF No. 38). However, Plaintiff provides no explanation for this charge.  Absent any relation to the taxable costs set out in 28 U.S.C. § 1920, the Court is unable to award the requested costs.

## IV.     RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Courtney McLeod's Motion for Bill of Costs (ECF No. 38), be **GRANTED, in part**, and **DENIED, in part**, and that Plaintiff be awarded a total of **$536.40** in taxable costs, entered against Defendant Chef Creole, consisting of $402.00 in fees of the Clerk, $130.00 in fees for service of summons, and $4.40 in fees for printing the properly served summonses.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 1st day of April, 2024.

                            _____

                            LAUREN F. LOUIS
                            UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       Counsel of Record